**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**

**Grand Jury Sworn in on May 5, 2015**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **GRAND JURY ORIGINAL** |
| | : | |
| **DAVID CRISTWELL, and** | : | **VIOLATION:** |
| **GIANNI NIGHTENGALE,** | : | **21 U.S.C. § 841(a)(1) and** |
| | : | **§ 841(b)(1)(B)(iv)** |
| **Defendants.** | : | **(Unlawful Distribution of One Hundred** |
| | : | **Grams or More of a Mixture and** |
| | : | **Substance of Phencyclidine)** |
| | : | |
| | : | **FORFEITURE:** |
| | : | **21 U.S.C. § 853(a) and (p)** |

**I N D I C T M E N T**

The Grand Jury charges that:

**COUNT ONE**

On or about June 5, 2015, within the District of Columbia, **DAVID CRISTWELL** and

**GIANNI NIGHTENGALE**, did unlawfully, knowingly and intentionally distribute a mixture

and substance containing a detectable amount of phencyclidine, also known as PCP, a Schedule

II controlled substance, and the amount of said mixture and substance was one hundred grams or

more.

   (**Unlawful Distribution of One Hundred Grams or More of a Mixture and Substance
   of Phencyclidine**, in violation of Title 21, United States Code, Sections 841(a)(1) and
   841(b)(1)(B)(iv))

## FORFEITURE ALLEGATION

1.      Upon conviction of the offense alleged in Count One of this Indictment, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense.  The United States will also seek a forfeiture money judgment against the defendant in the amount of $1560.

2.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Sections 853(a), (p))

A TRUE BILL:

FOREPERSON.

Attorney of the United States in
and for the District of Columbia.

2